UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SHAWN COLLINS,

                Plaintiff,

    -against-

BAREHILL CORRECTIONAL FACILITY,

                Defendant.
----------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
24-CV-08312 (LDH) (SIL)

LaSHANN DeARCY HALL, United States District Judge.

On November 26, 2024, Plaintiff Shawn Collins, currently incarcerated at the Altona Correctional Facility in Altona, New York, filed the instant *pro se* complaint pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) Plaintiff names Barehill Correctional Facility ("Barehill") and Mighty King, an inmate at Barehill.[1] Plaintiff alleges that while watching television in the dayroom at Barehill, he was attacked by Mighty King, an alleged member of the Latin Kings gang. Plaintiff seeks monetary damages. For the reasons discussed below, the action is transferred to the United States District Court for the Southern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391, a civil rights action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[1] Mighty King is not listed as a defendant in the caption; however, Plaintiff lists Mighty King as a defendant in the body of the complaint. (*See* ECF No. 1.)

1

Because (1) Plaintiff's claims arose at Barehill Correctional Facility in Malone, New York, in Franklin County, (2) the Defendants are located at Barehill, and (3) Plaintiff does not allege that the events or omissions underlying his claim arose in this judicial district, venue does not appear to be proper in this Court under § 1391(b)(1)(2). If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also, Rao v. Thuo*, No. 20-CV-0358, 2021 WL 980884, at *2 (E.D.N.Y. Mar. 16, 2021).

## CONCLUSION

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. §§ 1391(b), 1406(a). A decision on Plaintiff's request to proceed *in forma pauperis* and Prison Litigation Reform Act Authorization form is reserved for the transferee court. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay, is waived.

SO ORDERED.

    /s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: February 18, 2025
    Brooklyn, New York

2